UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMI JOHNSON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>D. PAMPLIN, G. VALDOVINAS, A. MASSIA, M. MORALES, J. HEDDY, O. MORALES, M. ACUNA, J. WILBORN, AND W. SMITH,<br><br>　　　　　　　　　　　Defendants. | Case No.: 17CV560-BAS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR ASSIGNMENT OF COUNSEL**<br><br>**[ECF No. 7]** |

On May 16, 2017, Plaintiff filed an "Ex Parte Motion for Assignment of Counsel" that was accepted by the Court on discrepancy on May 22, 2017. ECF Nos. 6 and 7. Plaintiff requests that the Court appoint counsel to assist Plaintiff in litigating this matter. Id. at 1. In support, Plaintiff states that he needs the Court to appoint counsel because he (1) cannot afford to hire his own counsel, (2) has limited access to the law library, (3) is a layman with respect to the law, (4) is unable to understand the Federal Rules of Civil Procedure, (5) has very limited education, (6) has relied on the assistance of other inmates for all of the pleadings he has filed, and (7) "sincerely desires to pursue" this matter. Id. at 2-3; see also Exh. A. Plaintiff further argues that the issues involved are complex and will require "serious and complex discovery proceedings." Id. at 3. Plaintiff notes that the appointment of counsel will help reduce unnecessary delays and expense to the judiciary. Id. at 6. Finally, Plaintiff declares that he is in the prisoners with Developmental Disabilities Program, cannot read very well, and in the

1

Enhanced Out-Patient program where he is being treated for a mental illness. Id. at 8; see also Exhs. B-D.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted pleadings and motions without the assistance of counsel. See Docket. In addition to the instant motion, he has submitted a complaint (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 3). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case.[1] Plaintiff's current request does not provide any facts justifying such an extraordinary remedy. ECF No. 7. Further, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331. While as Plaintiff argues, it is likely true that that the appointment of counsel would assist him with discovery and trial issues such as the examination of witnesses, these factors do not warrant the finding of exceptional circumstances supporting an appointment of

---

[1] Plaintiff's reliance on another inmate for assistance in drafting his pleadings [see ECF No. 7 at 3 and Exh. A] does not alter this analysis. See, e.g., Montano v. Solomon, 2010 WL 4137476, at *7 (E.D. Cal. Oct.19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case ….").

counsel. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997), overruled on other grounds, 154 F.3d 952 (9th Cir.1998) (en banc) (holding that the appellant "may well have fared better [with appointed counsel]—particularly in the realms of discovery and the securing of expert testimony—but this is not the test"); see also Peterson v. Anderson, 2009 WL 4506542, at *3 (D. Mont. Dec.2, 2009) (citing Wilborn, 789 F.2d at 1331) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex."). "[A]ny pro se litigant certainly would be better served with the assistance of counsel." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("[A] pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). But a plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex.

Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel. See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training, limited English, and poverty do not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in *pro se*).

**IT IS SO ORDERED**.

Dated: 5/23/2017

Hon. Barbara L. Major
United States Magistrate Judge

3

17CV560-BAS (BLM)