**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMI JOHNSON,<br><br>                       Plaintiff,<br><br>v.<br><br>D. PAMPLIN, *et al*.,<br><br>                       Defendants. | Case No. 17-cv-0560-BAS-BLM<br><br>**ORDER:**<br><br>**(1) SUSTAINING OBJECTION TO REPORT & RECOMMENDATION (R&R) [ECF No. 28];**<br><br>**(2) ADOPTING IN PART AND MODIFYING IN PART R&R [ECF No. 27]; AND**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 25]** |

Plaintiff Jami Johnson, a state prisoner proceeding *pro se* and *in forma pauperis*, brought his Complaint pursuant to Section 1983, 42 U.S.C. §1983, against Defendants D. Pamplin, G. Valdovinos, A. Massia, M. Morales, J. Heddy, O. Morales, M. Acuna, J. Wilborn, and W. Smith ("Defendants"). (ECF No. 1.) Defendants subsequently filed a motion to dismiss the Complaint. (ECF No. 25.) Before the Court is a Report and Recommendation (R&R) from Magistrate Judge

– 1 –

Barbara Mahor concerning Defendants' motion. (ECF No. 27.) Defendants have submitted an objection ("Objection) to a portion of the R&R. For the reasons stated herein, the Court sustains Defendants' Objection, modifies the R&R in part, and otherwise approves and adopts the R&R.

## I. BACKGROUND

### A. Factual Background

In relevant part, the Complaint alleges that Plaintiff's mother filed a report with the Office of Internal Affairs in July 2016, which alleged that Defendants Pamplin and Valdovinos engaged in misconduct and sexual harassment against Plaintiff. (ECF No. 1 at 5.) On August 15, 2016, Defendants Pamplin and Valdovinos approached the Plaintiff in his cell with a Rules Violation Report concerning Plaintiff's alleged participation in a July 29, 2016 fight. (*Id.* at 5, Ex. B.) They asked Plaintiff to sign the report, but he refused. Defendant Valdovinos allegedly asked Plaintiff to step out of his cell, and subsequently sprayed Plaintiff with pepper spray in his face and continued to do so. (*Id.* at 5–6.) Defendant Valdovinos struck Plaintiff in the face and placed him in handcuffs, with Defendant Pamplin placing the Plaintiff in leg restraints and stepping on the restraints, causing Plaintiff pain in his ankles. (*Id.* at 6.) They rammed Plaintiff's head into a door and threw him onto the ground outside the housing unit without provocation. (*Id.*).

On August 16, 2016, Plaintiff alleges that Defendant O. Morales asked him whether he wanted to see the nurse, which Plaintiff declined out of fear that he would be subjected to another instance of excessive force. (*Id.* at 10.) Defendant O. Morales returned and told Plaintiff that the nurse wanted to him. (*Id.*) On the way to the nurse, Defendants Heddy and Acuna approached Plaintiff from behind and Defendant Heddy placed a restraint chain on Plaintiff's handcuffs. (*Id.*) After Plaintiff met with the nurse, the three Defendants escorted him out of the medical trailer and as Plaintiff walked down the ramp, Defendants grabbed Plaintiff's arms and the restrain chain with enough force to pull Plaintiff's arms forward and drag

him across the gravel and pavement toward his housing unit. (*Id.*) Plaintiff alleges he sustained serious injuries to his knees, shoulders, and right thumb and was denied medical treatment despite his pleas. (*Id.*) Once Plaintiff arrived at the housing unit, he alleges that Defendant O. Morales kneed Plaintiff in the back as he lay face down on the floor. (*Id.*)

### B. Procedural Background

Plaintiff filed his Complaint on March 20, 2017, alleging that he suffered cruel and unusual punishment and was retaliated against by prison officials in violation of his First and Eighth Amendment rights. (ECF No. 1 at 3.) He seeks in part injunctive relief, compensatory damages, punitive damages, and special damages. (Id. at 15.)

Defendants moved to dismiss on several grounds. First, Defendants moved to dismiss all of Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 18 and 20 on the ground that the Complaint improperly asserts two different claims based on two different events. (ECF No. 25-1 at 10–11.) Second, Defendants moved to dismiss Plaintiff's Eighth Amendment claims against Defendants O. Morales, Heddy, and Acuna under the "favorable termination doctrine." (*Id.* at 12–14.) Third, Defendants moved to dismiss Plaintiff's Eighth Amendment claims against Defendants Smith, Wilborn, Massia, and M. Morales for failure to state a claim. (*Id.* at 15–16.) Fourth, Defendants moved to dismiss all of Plaintiff's claims based on an officer's alleged filing of a false report or making false allegations against Plaintiff. (*Id.* at 16.) Lastly, Defendants moved to dismiss all claims made against Defendants in their official capacity. (*Id.* at 16–17.) Plaintiff did not file an opposition to Defendants' motion.

On November 21, 2017, Judge Major issued an R&R on Defendants' motion to dismiss. (ECF No. 27.) The R&R recommends: (1) denying Defendants' motion to dismiss pursuant to Rules 18 and 20; (2) granting without leave to amend Defendants' motion to dismiss the Eighth Amendment claims against Defendants Wilborn, Smith, Massia, and M. Morales; (3) denying Defendants' motion to dismiss

– 3 –

the Eighth Amendment claim against Defendants Heddy, O. Morales, and Acuna; (4) granting without leave to amend Defendants' motion to dismiss claims for monetary damages against the Defendants in their official capacity; and (5) granting without leave to amend Defendants' motion to dismiss Plaintiff's claim for injunctive relief. (*Id.* at 22.) Written objections to the R&R were due by December 11, 2017, with replies to any objections due by January 2, 2018. (*Id*.) Defendants timely filed their Objection to the R&R on November 27, 2017, solely objecting to the R&R's first recommendation. (ECF No. 28.) Plaintiff neither filed an objection, nor a reply to Defendants' Objection.

## II. LEGAL STANDARD

A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see* 28 U.S.C. §636(b)(1). An objecting party may "serve and file specific objections to the proposed findings and recommendations," and "a party may respond to another party's objections." FED. R. CIV. P. 72(b). In reviewing an R&R, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (when objections are made, the court must make a de novo determination of the factual findings to which there are objections). "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.*" Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The court reviews *de novo* the magistrate judge's conclusions of law. *Gates v. Gomez*, 60 F.3d 525, 530 (9th Cir. 1995); *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

## III. DISCUSSION

### A. The Court Sustains Defendants' Objection

The Court first addresses Defendants' Objection to a portion of the R&R.

Defendants' Objection challenges the correctness of the factual finding and law underlying the R&R's recommendation to dismiss the Complaint under Rules 18 and 20. (ECF No. 28.) Conducting a *de novo* review, the Court agrees with Defendants.

Rule 20(a) enables permissive joinder of multiple defendants in one action when two requirements are meant. First, the plaintiff must seek relief against multiple defendants jointly, severally, or the relief must relate to or arise out of the same transaction or occurrence or series of transactions or occurrences. FED. R. CIV. P. 20(a)(2)(A); *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977). Second, some question of law or fact common to all defendants must arise in the action. FED. R. CIV. P. 20(a)(2)(B); *League to Save Lake Tahoe*, 558 F.2d at 914. In their motion to dismiss, Defendants argued that the Complaint improperly brings unrelated claims against unrelated parties in a single action. (ECF No. 25-1 at 4.) Defendants argued that while Plaintiff asserts claims of retaliation and excessive force for the August 15, 2016 incident involving Defendants Pamplin and Valdovinos, he alleges a separate claim of excessive force for the August 16, 2016 incident against Defendants O. Morales, Heddy, and Acuna. (*Id.* at 5.) Defendants pointed to the absence of allegations connecting either set of Defendants with the other, and observed that Plaintiff filed separate inmate complaints about each incidents and was separately disciplined for each. (*Id.* (Citing ECF No. 1-2 at 3–23, 86–9, ECF No. 1-3 at 57–67).)

The R&R concedes that "Plaintiff's claims are against two different groups of Defendants for two different assaults." (ECF No. 27 at 8.) This determination warrants a grant of Defendants' motion. "Unrelated claims involving different defendants belong in different suits." *Sua v. Espinda*, No. 09-cv-0592 SOM, 2010 WL 184314, at *2 (D. Haw. Jan. 19, 2010). However, the R&R concluded that dismissal was inappropriate because "the alleged assaults occurred within twenty four hours of each other and were at the hands of Defendants who work together."

– 5 –

17cv560

(ECF No. 27 at 8.) This conclusion was not correct for two reasons. First, temporal proximity is insufficient to link two unrelated events for the purposes of Rule 20, even when the alleged acts are similar. *See Buren v. Waddle*, No. 1:14-cv-01894-MSJ, 2014 WL 7337580, at *4 (E.D. Cal. Dec. 23, 2014); *Yocom v. Grounds*, No. C 11–5741 SBA (PR), 2013 WL 5487357, at *2 ("Mere proximity in time and similarity in the types of problems . . . are not enough to satisfy Rule 20(a)(2)."). Second, the R&R's conclusion that the incidents occurred at the hands of Defendants who "work together" is also an insufficient basis in this case to satisfy Rule 20(a)(2). Although it is not clear from the R&R was the basis for this finding was, the Court observes that there are no allegations in the Complaint which show that all the Defendants worked together generally, or specifically acted together in a continuous course of conduct against the Plaintiff. If the finding is premised on the fact that all the Defendants worked at the same institution, the Court disagrees. The fact that the Defendant-officers involved in the incidents work at the same institution is not enough to show that distinct incidents are related. *See Bracken v. Duran*, No. 1:17–cv–00306–AWI–JLT (PC), 2017 WL 2654838, at *2 (E.D. Cal. June 20, 2017) (finding Rule 18 and 20 dismissal appropriate although all three correctional officers worked at same institution).

While conceding that "Plaintiff has not explicitly stated that the assaults were linked," the R&R further determined that "it was not clear the assaults were unrelated and the Court will construe the pleadings liberally giving the pro se Plaintiff the benefit of the doubt." (ECF No 27 at 3.) It is true that in a civil rights case brought by a *pro se* plaintiff, the court must construe the pleadings liberally and afford the plaintiff the benefit any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 830 F.2d 621, 623 (9th Cir. 1988). However, a pleading must nevertheless contain factual allegations which the court can construe liberally. Here, the Complaint admittedly does not contain factual allegations linking the two different assaults at the hands of different defendants, or which otherwise show that they

overlap. *See, e.g., Klan v. Dublin Police Dep't*, No. 16-cv-00833-JCS, 2016 U.S. Dist. LEXIS 90404, at *23 (N.D. Cal. July 12, 2016) (finding Rule 20 dismissal of a claim appropriate in *pro se* action because "there is no factual overlap" between two alleged incidents that occurred in sequence). Therefore, even construing the Complaint liberally, it does not satisfy Rule 20(a)(2)(A). Accordingly, the Court sustains Defendants' Objection to the R&R.

In sustaining the Objection, however, the Court will not dismiss the entire action because "[m]isjoinder of parties is not a ground for dismissing an action." FED. R. CIV. P. 21. Furthermore, a court may only dismiss a complaint without leave to amend if it is absolutely clear that amendment would be futile." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Before dismissing a *pro se* complaint, a district court must also provide the litigant notice "of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Here, it is not clear that amendment would be futile. This Order has identified the deficiencies in the Complaint and Plaintiff may be able to allege facts showing that the August 15, 2016 and August 16, 2016 events are sufficiently related for the purposes of Rule 20. Accordingly, the Court grants Defendants' motion to dismiss pursuant to Rules 18 and 20, but also grants Plaintiff leave to amend the Complaint on this issue. If Plaintiff chooses to file an amended Complaint, the Court advises Plaintiff that he must allege specific facts which show that the August 15, 2016 and August 16, 2016 events are related if he intends to keep all Defendants in this case. If Plaintiff does not file an amended complaint, the Court will sever Defendants O. Morales, Heddy, and Acuna from this action pursuant to Rule 21 without prejudice to Plaintiff filing a different lawsuit against those Defendants in an appropriate court.

**B.     The Court Adopts the R&R's Remaining Recommendations**

Lastly, the Court addresses the remaining recommendations in the R&R. Because neither party has objected to those recommendations, the Court may accept

the Magistrate Judge's conclusions on that basis alone. However, having reviewed the remainder of the R&R and Defendants' motion to dismiss, the Court concludes that the Magistrate Judge's conclusions are reasoned and correct. Accordingly, the Court approves and adopts the R&R as to the remaining recommendations.

### IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **HEREBY ORDERS**:

1. The Court **SUSTAINS** Defendants' Objection to the R&R. (ECF No. 28.)

2. The Court **MODIFIES** the R&R's recommendation to deny dismissal pursuant to Rules 18 and 20, and otherwise **APPROVES AND ADOPTS** all other recommendations set forth in the R&R. (ECF No. 27.)

3. The Court **DENIES** Defendants' motion to dismiss the Eighth Amendment claims against Defendants O. Morales, Heddy, and Acuna pursuant to *Heck v. Humphrey*.

4. The Court **GRANTS** Defendants' Motion to Dismiss pursuant to Rules 18 and 20. The Court further **GRANTS** Plaintiffs leave to amend **t**he Complaint. If he so chooses, he may file an amended complaint <u>**no later than Monday, February 26, 2018**</u>. An amended complaint must show how the August 15 and August 16, 2016 events are related. Plaintiff's amended complaint must be complete by itself without reference to the Complaint. Defendants not named and any claim not re-alleged will be considered waived. *See* Civ. R. 15.1; *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff does not file an amended complaint by that date, the Court will, on its own, sever Defendants O. Morales, Heddy, and Acuna from this action pursuant to Rule 21 without prejudice to Plaintiff filing a different lawsuit against those Defendants in an appropriate court.

5. The Court **GRANTS** without leave to amend Defendants' motion to dismiss the Eighth Amendment claims against Defendants Wilborn, Smith, Massia, and M. Morales.

6. The Court **GRANTS** without leave to amend Defendants' motion to dismiss the claims for monetary damages against the Defendants in their official capacity and the claim for injunctive relief.

7. The Court directs the Clerk to send the Plaintiff a hard copy of this Order, a copy of the R&R, and a court-approved civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: January 8, 2018**

Hon. Cynthia Bashant
United States District Judge