UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMI JOHNSON,

Plaintiff,

v.

D. PAMPLIN, et al.,

Defendants.

Case No.: 17CV560-BAS (BLM)

**REPORT AND RECOMMENDATION FOR ORDER DISMISSING CASE WITH PREJUDICE**

This Report and Recommendation is submitted to United States District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that the instant matter be **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

On March 20, 2017, Plaintiff Jami Johnson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants D. Pamplin, G. Valdovinos, A. Massia, M. Morales, J. Heddy, O. Morales, M. Acuna, J. Wilborn, and W. Smith. ECF No. 1 ("Compl.").

On May 22, 2017, Plaintiff filed a motion for appointment of counsel which was denied on May 23, 2017. See ECF Nos. 7 and 8.

On July 27, 2017, Defendants filed a motion to dismiss Plaintiff's complaint on the grounds that it "fails to state either a First or Eighth Amendment claim against Defendants" and that under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 18 and 20, "Plaintiff has improperly

1

1  joined unrelated claims against separate defendants." ECF No. 25 at 2. That same day, the

2  Court issued an Order Setting Briefing Schedule requiring Plaintiff to file his opposition to the

3  motion on or before August 28, 2017 and Defendants to file their reply on or before September

4  18, 2017. See ECF No. 26. Plaintiff failed to file an opposition. See Docket.

5      On November 21, 2017, the Court issued a Report and Recommendation for Order

6  Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's Complaint. See

7  ECF No. 27. Plaintiff did not object to the Report and Recommendation and Defendants filed

8  their objection to the Report and Recommendation on November 27, 2017. See ECF No. 28.

9  On January 8, 2018, Judge Bashant issued an order Sustaining the Objection to the Report and

10  Recommendation, Adopting in Part and Modifying in Part the Report and Recommendation, and

11  Granting in Part and Denying in Part Defendants' Motion to Dismiss. See ECF No. 29. In that

12  order, Judge Bashant gave Plaintiff until February 26, 2018 to amend his complaint. Id. at 8.

13  Plaintiff failed to do so. See Docket.

14      The remaining Defendants answered Plaintiff's complaint on April 3, 2018 and on April 5,

15  2018, the Court issued a scheduling order setting a Mandatory Settlement Conference ("MSC")

16  for November 19, 2018 at 9:30 a.m. See ECF No. 33. Plaintiff was ordered to appear in person

17  for the MSC. Id. On November 7, 2018, the Court issued an order reminding Plaintiff of his

18  obligation to appear at the MSC on November 19, 2018. See ECF No. 35. Plaintiff did not appear

19  as ordered. See ECF No. 37. Counsel for Defendants, John Walters, Esq., did appear for the

20  MSC as ordered. ECF No. 36. The Court met with Mr. Walters and learned that Plaintiff has not

21  served discovery, contacted defense counsel, or taken any other action to move this case

22  forward since he was released from prison in June 2017. Discovery closed in this case on

23  November 2, 2018. ECF No. 33 at 2.

24      The Court reviewed the court docket and verified that Plaintiff has not filed any pleadings

25  since June 2017. See Docket. On June 14, 2017, Plaintiff filed a Notice of Change of Address

26  providing the Court with an address in Hersperia, California. See ECF No. 20. The Court has

27  used this address for all of the subsequent orders and none of the documents have been

28  returned to the Court. See Docket.

17CV560-BAS (BLM)

1   In light of Plaintiff's failure to appear for the MSC as ordered, conduct any discovery,
2   respond to Court orders, and otherwise prosecute this case, the Court issued an Order to Show
3   Cause Why the Case Should Not be Dismissed.  See ECF No. 37.  The order required Plaintiff to
4   file by December 19, 2018, "a declaration indicating his desire to continue prosecuting this case
5   and setting forth facts establishing good cause for his failure to comply with the dates and
6   deadlines set forth in the Court's scheduling order."  Id. at 3.  The order noted that "[i]f Plaintiff
7   fails to file a declaration, the Court will recommend that this case be dismissed with prejudice."
8   Id.  Plaintiff did not file a declaration.  See Docket.

## **LEGAL STANDARD**

10      Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b), "[i]f the plaintiff fails
11  to prosecute or to comply with these rules or a court order, a defendant may move to dismiss
12  the action or any claim against it."  A court may dismiss a case pursuant to Fed. R. Civ. P. 41(b)
13  *sua sponte*.  See Hells Canyon Preservation Council v. U.S. Forestry Serv., 403 F.3d 683, 689
14  (9th Cir. 2005) ("the consensus among our sister circuits, with which we agree, is that courts
15  may dismiss under Rule 41(b) sua sponte") (citing Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3
16  (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua
17  sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's
18  orders.")); see also Kilpatrick v. Mitchelle, 2012 WL 4208919, at *1 (E.D. Cal. Sept. 18, 2012)
19  ("[c]ase law is in accord that a district court may impose sanctions, including involuntary
20  dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b),
21  where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.").
22  A dismissal under Fed. R. Civ. P. 41(b) "operates as an adjudication upon the merits." Fed. R.
23  Civ. P. 41(b).

24      The Local Rules also require a plaintiff, whether represented by counsel or proceeding
25  *pro se*, to move their case forward.  See CivLR 16.1(b) ("[a]ll counsel and parties, if they are
26  proceeding pro se, must proceed with diligence to take all steps necessary to bring an action to
27  readiness for trial"); see also CivLR 83.11(a) ("[a]ny person appearing propria persona is bound
28  by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim.P., as appropriate.  Failure to

3

comply therewith may be ground for dismissal or judgment by default").

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks v. Nunez, 2017 WL 908733, at \*10 (S.D. Cal. Mar. 8, 2017) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983)). For the imposition of such a severe sanction, the conduct of the disobedient party must be "due to willfulness, bad faith, or fault of the party." Id. (quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted). Therefore, in addition to the court's authority to order dismissal under the Federal and Local Rules, the Ninth Circuit requires a district court to address five specific factors to determine whether to dismiss a case for lack of prosecution:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). This multi-factor test, however, is not "a mechanical means of determining what [ ] sanction is just." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998). Instead, the list of factors merely provides an outline "for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything." Id. Moreover, "[a]lthough beneficial to the reviewing court, a district court is not required to make specific findings on each of [the listed] factors." Eisen, 31 F.3d at 1451. Nevertheless, the Court will evaluate each of the enumerated factors in turn.[1]

---

[1] It should be noted that while the Court may consider a party's *pro se* status in analyzing the willfulness of discovery violations or the factors of dismissal, pro se litigants are required to comply with discovery rules and court orders and "are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.1995); see also Crockett v. City of Torrance, 2012 WL 6874724, at \*4 (C.D. Cal. Nov. 21, 2012) ("Plaintiff's pro se status does not exempt him from compliance with discovery procedures or any other procedural requirements in this case."); Ragsdale v. Lopez-Flores, 2016 WL 8732335, at \*4 (C.D. Cal. Sept. 16, 2016) ("[a]lthough the Court should and does consider Plaintiff's pro se status, that status does not excuse repeated intentional noncompliance with discovery rules and court orders."). In other words, every "plaintiff in

4

## **DISCUSSION**

The Court has provided Plaintiff with numerous opportunities to pursue his case. Plaintiff was given an opportunity to (1) oppose Defendants' motion to dismiss his complaint, (2) object to the Court's findings in its report and recommendation, (3) file an amended complaint, (4) attend a settlement conference, (5) conduct discovery, and (6) declare his desire to continue prosecuting this case. Plaintiff chose to not respond to any of the Court's orders and to not take any action to pursue his case. This case has been pending for close to two years. As discussed in more detail below, and even considering that Plaintiff is proceeding *pro se*, the facts of this case warrant dismissal.

> 1. Public Interest in Expeditious Resolution of Litigation & The Court's Need to Manage its Dockets

The first two factors focus on the need to move cases toward timely resolution. Here, Plaintiff filed this action almost two years ago and yet has not taken any action since June 2017 to move this case toward resolution. See Docket. He has not conducted discovery and has not responded to Court orders. Plaintiff's behavior negatively impacts both the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. Both of these facts weigh in favor of dismissal.

> 2. The Risk of Prejudice to Defendants

When considering the third factor, risk of prejudice to Defendants, the Ninth Circuit instructs that "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.... The law presumes injury from unreasonable delay." Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Morris v. Morgan Stanley & Co., 942 F.2d 648, 651 (9th Cir. 1991). Notwithstanding this instruction,

---

federal court has a responsibility to prosecute his action diligently. Failure to do so may permit the district court to dismiss." Collins v. Pitchess, 641 F.2d 740, 742 (9th Cir. 1981) (explaining that "[a]lthough prisoner status, and the infirmities it engenders, may not provide the basis to dismiss a complaint, that is not to say a prisoner's complaint is totally insulated from dismissal for want of prosecution.")

5

1   the Ninth Circuit further explains that this presumption of prejudice is rebuttable. Specifically,

2

3

4

5

6

> where a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice. If he does so, the plaintiff must then persuade the court that such claims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse. At that point, the court must exercise its discretion by weighing the relevant factors—time, excuse, and prejudice.

7   Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir.1980).

8   According to the Nealey court, prejudice, if established, is usually exhibited in two forms: loss

9   of evidence and loss of memory by a witness. Id. In this case, Plaintiff has offered neither

10   excuse nor explanation for the delay in his prosecution of this case. Indeed, the record reflects

11   that Plaintiff has failed to communicate with the court in any meaningful way with regard to the

12   claims underlying this civil rights action for well over a year. Having thus failed to present

13   evidence of any kind to explain his lack of prosecution, Plaintiff has not met his burden of

14   production necessary to force Defendants to show actual prejudice. Consequently, like the

15   preceding factors, this factor works in favor of dismissal.

16         3.     Public Policy Favoring Disposition of Cases on Their Merits

17         While public policy favors disposition of cases on their merits, "a case that is stalled or

18   unreasonably delayed by a party's failure to comply with deadlines and discovery obligations

19   cannot move forward toward resolution on the merits." In re Phenylpropanolamine, 460 F.3d

20   1217, 1228 (9th Cir. 2006). As such, this factor "'lends little support' to a party whose

21   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

22   progress in that direction." Id. (quoting In re the EXXON VALDEZ, 102 F.3d 429, 433 (9th Cir.

23   1996) (noting that plaintiffs' total refusal to provide discovery obstructed resolution of their

24   claims on the merits); Eisen, 31 F.3d at 1454 (giving weight to the plaintiff's failure to specify

25   why it is important that his actions be resolved on their merits); Morris, 942 at 652 (observing

26   that it is the responsibility of the moving party to move toward disposition on the merits)).

27         Plaintiff has not made any effort during the time this case has been pending to move the

28   case toward resolution on the merits and has, in fact, actively prevented the case from moving

1   in that direction by failing to respond to Court orders or appear at the Mandatory Settlement

2   Conference as ordered.  Accordingly, this factor weighs in favor of a dismissal sanction.

3           4.      Availability of Less Drastic Sanctions

4       "[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme

5   circumstances." Meeks, 2017 WL 908733, at *10 (quoting Wyle, 709 F.2d at 589).  Before

6   imposing a dismissal sanction, a court must consider the "impact of the sanction and the

7   adequacy of less drastic sanctions." U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const.

8   Co., 857 F.2d 600, 604 (9th Cir. 1988) (quoting Malone, 833 F.2d at 131 and United States v.

9   Nat'l Med. Enter., 792 F.2d 906, 912 (9th Cir. 1986)).  In Kahaluu Constr. Co., the Ninth Circuit

10  opined that "the district court is generally required to discuss alternative sanctions; but, in

11  exceptional cases, where it is clear that no other alternative would have been reasonable, we

12  may affirm a dismissal or default judgment despite the absence of such a discussion." Id. (citing

13  Halaco Eng'g Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1998)) ("consideration of less severe

14  penalties must be a reasonable explanation of possible and meaningful alternatives.").  If a court

15  fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a

16  judgment against them" then it places that court's order of dismissal "in serious jeopardy." Id.

17  at 605.  In sum, a "three-part analysis determines whether a court properly considered the

18  adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic

19  sanctions and explain why alternative sanctions would be inappropriate, (2) did the court

20  implement alternative sanctions before ordering dismissal, and (3) did the court warn the party

21  of the possibility of dismissal before actually ordering dismissal?" U.S. Equal Emp't Opportunity

22  Com'n, 2009 WL 1287757, at *4 (quoting Adriana Int'l. Corp., 913 F.2d at 1412–13).

23      The Court has considered and rejected the possibility of lesser sanctions. The Court

24  considered imposing monetary sanctions but monetary sanctions would be inappropriate

25  because they would not remedy Plaintiff's lack of participation.  Monetary sanctions are also

26  inappropriate and likely ineffective given Plaintiff's *pro se* and *in forma pauperis* status, as

27  Plaintiff arguably lacks the funds to comply with an order for sanctions.  Plaintiff could have

28  resolved any issues with the current litigation by simply presenting to the court some form of

7

explanation or excuse for his protracted failure to prosecute his case. Having failed to offer any such explanation, this final factor also favors dismissal of this case. Moreover, given Plaintiff's almost complete failure to participate in the court process, it is unlikely that Plaintiff would appear for a trial yet Defendants would be required to prepare for trial to their further detriment. Finally, the Court explicitly warned Plaintiff that it would recommend that his case be dismissed if he failed to file a declaration in response to the order to show case [see ECF No. 37] and yet Plaintiff still failed to file a declaration or otherwise respond. As a result, the Court finds that this factor weighs in favor of a dismissal sanction.

Given Plaintiff's complete failure to prosecute diligently his civil rights claims for well over one year and to respond to or comply with the Court's orders, and after considering all of the required factors, the Court **RECOMMENDS** dismissal of the instant case with prejudice.

## CONCLUSION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation and (2) dismissing Plaintiff's case with prejudice.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **February 8, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 22, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir.1991).

**IT IS SO ORDERED**.

Dated: 1/7/2019

Hon. Barbara L. Major
United States Magistrate Judge

8

17CV560-BAS (BLM)