# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMI JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> D. PAMPLIN, *et al.*, <br><br> Defendants. | Case No. 17-cv-00560-BAS-BLM <br><br> **ORDER:** <br><br> **(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS CASE** <br><br> **[ECF No. 38]** <br><br> **AND** <br><br> **(2) DISMISSING CASE WITH PREJUDICE PURSUANT TO RULE 41(b)** |

## INTRODUCTION

On March 20, 2017, Plaintiff Jami Johnson, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this Section 1983 action against various prison officers. (ECF No. 1.) The last document Plaintiff filed on the docket was a June 16, 2017 notice of change of address. (ECF No. 20.) After that notice, Defendants moved to dismiss the Complaint. (ECF No. 25.) Plaintiff did not oppose. Magistrate Judge Barbara Major issued a Report and Recommendation ("R&R"), which recommended granting in part Defendants' motion to dismiss the Complaint. (ECF No. 27.) Plaintiff did not object. This Court subsequently adopted in part the R&R

and granted Plaintiff leave to amend his Complaint no later than February 26, 2018 to cure certain deficiencies in his pleadings. (ECF No. 29.) Plaintiff did not file an amended complaint. Defendants answered the remaining claims. (ECF No. 33.) Several months later Judge Major issued an order requiring Plaintiff to appear for a mandatory settlement conference on November 19, 2019. (ECF No. 35.) Plaintiff did not appear.

On November 20, 2018, Judge Major issued an order for Plaintiff to show cause why this case should not be dismissed with prejudice pursuant to Rule 41(b) based on Plaintiff's failure to appear at the Mandatory Settlement Conference as ordered, failure to conduct any discovery, failure to respond to Court orders, and failure to otherwise prosecute this case. (ECF No. 37.) Plaintiff was ordered to respond no later than December 19, 2018. (*Id*. at 3.) In view of Plaintiff's failure to respond, Judge Major has issued a R&R, which recommends that this Court should dismiss the case with prejudice. (ECF No. 38.) Plaintiff has not filed any objection to the R&R. For the reasons herein, the Court approves and adopts the R&R and dismisses this case with prejudice pursuant to Rule 41(b).

**LEGAL STANDARD**

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the

Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this District. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

**DISCUSSION**

Plaintiff has not filed any objection to Judge Major's recommendation during the four week period in which objections could be filed. On this basis alone, the Court may adopt the R&R without further analysis. *Reyna-Tapia*, 328 F.3d at 1121. However, having conducted its own review of the record, applicable law, and Judge Major's R&R, the Court finds that Judge Major's conclusions and recommendation are proper.

Pursuant to Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A court may dismiss a case pursuant to Rule 41 (b) *sua sponte*. *See Hells Canyon Preservation Council v. U.S. Forestry Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte") (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.")); *Kilpatrick v. Mitchelle*, No. 2:12-cv-01554 MCE KJN PS, 2012 WL 4208919, at *1 (E.D. Cal.

Sept. 18, 2012) ("[c]ase law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.").

Judge Major applied the appropriate standard in the Ninth Circuit that when a district court is considering whether to dismiss a case for lack of prosecution, it must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). Judge Major addressed each factor and properly concluded that all factors weighed in favor of dismissal.

*First*, Plaintiff's last action in this case occurred in June 2017. (ECF No. 20.) Plaintiff has not conducted discovery and has not responded to multiple Court orders, which negatively impacts both the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket.

*Second*, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure . . . The law presumes injury from unreasonable delay." *Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). This case has been pending for nearly two years and remains at an impasse because Plaintiff has not taken any action for some twenty months. There is no evidence which would overcome this inherent prejudice of delay to Defendants.

*Third*, "a case that is stalled or unreasonably delayed by a party's failure to

comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d 1217, 1228 (9th Cir. 2006). Indeed, this case has not progressed toward any merits resolution and cannot do so because the plaintiff who initiated this case remains absent.

*Fourth*, there are no less drastic sanctions applicable in this case. Because Plaintiff is proceeding *in forma pauperis*, the imposition of monetary sanctions would be "inappropriate and likely ineffective" and "would not remedy Plaintiff's lack of participation." (ECF No. 38 at 7.) Moreover, as Judge Major underscored, Plaintiff has been provided multiple opportunities—and more than enough time—to give any notice to the Court of his desire to continue prosecuting this action. Plaintiff had nearly four weeks to respond to Judge Major's R&R, but has not done so. Plaintiff has otherwise not taken any action to communicate with the Court or show any desire to continue prosecuting this case. Dismissal with prejudice is wholly appropriate.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **APPROVES AND ADOPTS** the R&R in its entirety. (ECF No. 38.) Pursuant to Rule 41(b), the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint. (ECF No. 1.) The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

DATED: February 8, 2019

Hon. Cynthia Bashant
United States District Judge